PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, | ) |
|     Plaintiff, | ) CASE NO. 4:17CV2460 |
| v. | ) JUDGE BENITA Y. PEARSON |
| SGT. CUEVAS, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 4 and 9] |

## I. Background

This removed *pro se* action was initially filed by Plaintiff Frederick Banks in the Mahoning County Court of Common Pleas. *See* ECF No. 1. Banks is an inmate in the Northeast Ohio Correctional Center ("NEOCC") and a frequent, filer of frivolous actions in federal and state courts.

On August 9, 2017, Plaintiff initiated a *habeas corpus* action in Pennsylvania's Allegheny County Court of Common Pleas Family Division titled, *Daniel K. Miller and Frederick Banks, as Next Friend to Minor Child of Daniel K. Miller v. Office of Children Youth and Families of Allegheny County and the Honorable Judge Donald Walko,* Case No. FD 17-008895 (the "Pennsylvania state action"). *See* ECF Nos. 1-1; 5-1. Plaintiff filed the state action as "Next Friend to [the] Minor Child of Daniel K. Miller" and sought reinstatement of the parental rights of Mr. Miller. ECF No. 1-1. In dismissing the Pennsylvania state action, the

(4:17CV2460)

Administrative Law Judge ("ALJ") found that Plaintiff lacked standing to bring the action; had previously been adjudicated a frivolous and vexatious filer of "Next Friend" petitions by the United States District Court for the Western District of Pennsylvania; and, engaged in the unauthorized practice of law. *See* ECF No. 5-1 at PageID#: 55 56.

Despite the ALJ's findings and dismissal of the Pennsylvania state action, Plaintiff's present complaint (ECF No. 1-1) is premised on allegations that Defendants Sergeant B. Cuevas, Corrections Officers D. DeJohn, Jim Giles, and L. Kordic, Chief Executive Officer of NEOCC, Damon Hininger, the NEOCC, and CoreCivic, Inc. (collectively "Defendants"), violated his: (1) constitutional rights to due process and access to the courts, and (2) committed negligence by failing to arrange for his appearance at a October 12, 2017 hearing in the Pennsylvania state action. ECF No. 1-1. Plaintiff seeks monetary damages. *Id.*

Following removal, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4. Plaintiff responded, *see* ECF Nos. 6 and 7, and Defendants replied, ECF No. 8. Plaintiff also filed a Motion for Rule 11 Sanctions and Motion to Order Defendants to Provide Postage and Envelopes to Make Legal Filings, on the basis that he only has .04 cents in his inmate account. ECF No. 9.

For the reasons stated below, Defendants' Motion to Dismiss (ECF No. 4) is granted and Plaintiff's Motion (ECF No. 9) is denied. The case is dismissed.

## II. Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted. In deciding a motion to dismiss, the court presumes the

2

(4:17CV2460)

complaint's factual allegations are true and draws all reasonable inferences in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In order to survive a motion to dismiss, "the complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Even a *pro se* complaint must meet basic pleading requirements, and to survive a motion to dismiss must set forth sufficient facts to state a claim to relief that is plausible on its face. *See Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. Mar. 10, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Analysis

The constitutional right of access to the courts does not extend to any legal action a prisoner wishes to pursue. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Rather, a prisoner's constitutional "right of access to the courts is limited to direct criminal appeals, *habeas corpus* applications, and civil rights claims challenging the conditions of [his] confinement." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. Oct. 23, 2003) (citing *Lewis*, 518 U.S. at 355). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

3

(4:17CV2460)

Furthermore, the Constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

Plaintiff's complaint fails to state a claim for several reasons. At the threshold, Plaintiff's complaint does not allege facts remotely suggesting a valid constitutional claim, or that Defendants had a duty to schedule his appearance at the October 12, 2017 hearing in the Pennsylvania state action. Plaintiff has also failed to show that he suffered "an actual injury to existing or contemplated litigation on which raises nonfrivolous claims" because his constitutional right of access to the courts does not extend to the "Next Friend" *habeas corpus* action he filed in Pennsylvania state court which the ALJ dismissed the action as frivolous. *See Courtemanche, 79 F. App'x at 117* ("Additionally, a prisoner must show an actual injury to existing or contemplated litigation which raises nonfrivolous claims."). Lastly, because Defendants did not owe Plaintiff a duty to schedule his attendance at the October 12, 2017 hearing in the Pennsylvania state action, Plaintiff's complaint also fails to reasonably suggest that he may have a valid claim for negligence under state law, or that he suffered damages as a result of his non-attendance at the October 12, 2017 hearing in the Pennsylvania state action.

**IV. Conclusion**

Accordingly, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 4) is granted. Plaintiff's Motion for Sanctions (ECF No. 9) is denied, as Plaintiff has not demonstrated a valid basis for imposing any sanctions, or for requesting that the Court order Defendants provide him with resources to pursue frivolous claims. The Court further certifies,

4

(4:17CV2460)

pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| April 25, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |